UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-03456 ODW (AGRx) | Date | May 5, 2011 |
|---|---|---|---|
| Title | *Hung and Hung v. Oberly and Oberly* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):** ORDER REMANDING THE CASE TO LOS ANGELES COUNTY SUPERIOR COURT

Plaintiffs, Chin Tsai Hung and Hsiu Chin Lin Hung, filed this unlawful detainer action in Los Angeles County Superior Court on March 4, 2011. On April 22, 2011, Defendants, Rion Oberly and Renee Oberly, removed this action pursuant to 28 U.S.C. §§ 1331 and 1441. (Dkt. No. 1.)

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Defendants has not established that federal subject matter jurisdiction exists. Because this is an unlawful detainer action, a federal question does not present itself as Defendants allege in their removal papers. *See IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (*sua sponte* remanding

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03456 ODW (AGRx) | Date | May 5, 2011 |
|---|---|---|---|
| Title | *Hung and Hung v. Oberly and Oberly* | | |

an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. EDCV 09-1660, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |